AO 245B (Rev. 09/19)  Judgment in a Criminal Case
                      Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: DPAE2:19CR000109-001 |
| ARCHIE KISSLING | ) | USM Number: 77072-066 |
| | ) | Elizabeth Toplin, Esquire |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)  1, 2, 3, 4, 5, 6, 7, and 8 of the Indictment.

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and (e) | Manufacture and attempted manufacture of child pornography. | 08/05/2018 | 1 |
| 18 U.S.C. § 2251(a) and (e) | Manufacture and attempted manufacture of child pornography. | 08/11/2018 | 2 |
| 18 U.S.C. § 2251(a) and (e) | Manufacture and attempted manufacture of child pornography. | 08/19/2018 | 3 |
| 18 U.S.C. § 2251(a) and (e) | Manufacture and attempted manufacture of child pornography. | 08/20/2018 | 4 |
| 18 U.S.C. § 2251(a) and (e) | Manufacture and attempted manufacture of child pornography. | 10/11/2018 | 5 |
| 18 U.S.C. § 2251(a) and (e) | Manufacture and attempted manufacture of child pornography. | 11/24/2018 | 6 |

The defendant is sentenced as provided in pages 2 through  10  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 1, 2020
Date of Imposition of Judgment

/s/ Hon. Jan E. DuBois
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

October 1, 2020
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 1A

Judgment—Page  2  of  10

DEFENDANT:        ARCHIE KISSLING
CASE NUMBER:      DPAE2:19CR000109-001

## ADDITIONAL COUNTS OF CONVICTION

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(1), (b)(1) | Transportation of child pornography. | 11/11/2018 | 7 |
| 18 U.S.C. § 2252(a)(4)(B),(b)(2) | Possession of child pornography. | 11/24/2018 | 8 |

AO 245B (Rev. 09/19)  Judgment in Criminal Case
   Sheet 2 — Imprisonment

DEFENDANT: ARCHIE KISSLING
CASE NUMBER: DPAE2:19CR000109-001

Judgment — Page 3 of 10

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Three hundred sixty (360) months on each of Counts One, Two, Three, Four, Five and Six of the Indictment, such terms to be served concurrently, to a consecutive term of imprisonment of sixty (60) months on Count Seven of the Indictment, and to a concurrent term of imprisonment of sixty (60) months on Count Eight of the Indictment, for a total term of imprisonment of four hundred twenty (420) months on Counts One, Two, Three, Four, Five, Six, Seven and Eight of the Indictment. It is the intention of the Court that this sentence shall be served concurrently with any sentence imposed in state court for crimes related to the crimes of conviction in this case.

X  The court makes the following recommendations to the Bureau of Prisons:
   That defendant be designated to an institution at which he can receive appropriate sex offender treatment and treatment for his serious drug addiction.

   Defendant is prohibited from any contact with Minor #1 or Minor #1's siblings. The Bureau of Prisons shall enforce this Order.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
   Sheet 3 — Supervised Release

Judgment—Page 4 of 10

DEFENDANT: ARCHIE KISSLING
CASE NUMBER: DPAE2:19CR000109-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Ten years (10) on Counts One, Two, Three, Four, Five, Six, Seven and Eight of the Indictment, such terms to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. X You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. X You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 5 of 10

DEFENDANT: ARCHIE KISSLING
CASE NUMBER: DPAE2:19CR000109-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: ARCHIE KISSLING
CASE NUMBER: DPAE2:19CR000109-001

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall participate in a mental health program for evaluation and/or treatment including, but not limited to, the furnishing of urine specimens, and shall comply with all of the rules of such program until satisfactorily discharged;

2. Defendant shall participate in a substance abuse program for evaluation and/or treatment including, but not limited to, the furnishing of urine specimens, and shall comply with all of the rules of such program until satisfactorily discharged;

3. Defendant shall participate in a sex offender program for evaluation and treatment and abide by the rules of any such program until satisfactorily discharged. While in the treatment program, the defendant shall submit to risk assessment, psychological testing, and physiological testing, which may include, but is not limited to, polygraph or other specific tests to monitor compliance with supervised release and treatment conditions.

4. Defendant shall provide the United States Probation Office with access to all computers used by defendant, and all computer-related devices, programs or applications on all such computers, for examination and shall permit the installation of any hardware or software systems which monitor or filter computer use;

5. Defendant shall abide by the standard conditions of computer monitoring and filtering approved by the Court. Defendant shall not be required to pay the cost of computer monitoring.  A copy of the Computer Monitoring Standard Conditions signed by defendant and approved by the Court is attached to the Judgment and Commitment Order;

6. Defendant shall not use a computer to access any material involving child pornography, including pedophilia materials of all types, or depictions or descriptions of minors engaged in sexually explicit conduct;

7. Any unsupervised contact with minors under the age of 18 by defendant must be approved in advance by the United States Probation Office;

8. Defendant may not engage in any form of communication with minors, direct or indirect, such as letter writing, telephone or computer conversations, without the prior approval of the United States Probation Office.  These restrictions are to be interpreted reasonably and do not apply to incidental contact the defendant may have with a minor in public;

9. Defendant shall not obtain employment or perform volunteer work which includes, as part of his job/work description, any contact with minor children under the age of 18.  With respect to this condition of supervised release, the Court finds that (a) a reasonably direct relationship exists between defendant's occupation, business, profession or hobby, and the conduct relevant to the offense of conviction; (b) imposition of such restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant might continue to engage in unlawful conduct similar to that for which defendant was convicted; and, (c) that the time frame and structure of this condition is for the minimal time frame and to the minimum extent necessary to protect the public;

10. Defendant shall pay the restitution imposed by this Judgment that remains unpaid at the commencement of his supervised release at the rate of not less than $50.00 per month while defendant is employed;

11. Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States Probation Office until his restitution is paid-in-full;

12. Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information;

13. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office; and,

14. Defendant shall not encumber or liquidate his interest in any assets unless the proceeds are to be used in payment of defendant's restitution.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
　　　　　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 10

DEFENDANT: ARCHIE KISSLING
CASE NUMBER: DPAE2:19CR000109-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 800.00 | $ 39,000 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Sheet 5A (page 8 for details) | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　X the interest requirement is waived for ☐ fine X restitution.

　☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　 Sheet 5A — Criminal Monetary Penalties

Judgment — Page 8 of 10

DEFENDANT:　　　　　ARCHIE KISSLING
CASE NUMBER:　　　　DPAE2:19CR000109-001

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant shall pay restitution in the total amount of $39,000.00 to the following victims:

| | Series | Victim | Amount | Payable |
|---|---|---|---|---|
| 1-5 | 8 Kids Series | John Does I to V | Total of $15,000 ($3,000 per child victim) | Tanya Hankins in trust for 8 Kids Series 215 Tacoma Avenue South Tacoma, WA  98402 |
| 6 | Feb 212 Series | Donatello | $3,000 | Attorney Deborah A. Bianco in trust for Donatello 14535 Bellevue-Redmond Rd, Suite 201 Bellevue, WA  98007 |
| 7 | Rap Jerseys Series | Kauzie | $3,000 | Attorney Deborah A. Bianco, in trust for Donatello 14535 Bellevue-Redmond Rd, Suite 201 Bellevue, WA  98007 |
| 8 | Rap72 Series | Jack | $3,000 | Attorney Deborah A. Bianco, in trust for Donatello 14535 Bellevue-Redmond Rd, Suite 201 Bellevue, WA  98007 |
| 9 | Spongebob Series | Andy | $3,000 | Marsh Law Firm PLLC in trust for Andy ATTN: Andy 548 Market Street, #65135 San Francisco, CA 94104 - 5401 |
| 10 | Surfer Hair Victim | Jessy | $3,000 | Attorney Deborah A. Bianco, in trust for Jessy 14535 Bellevue-Redmond Rd, Suite 201 Bellevue, WA  98007 |
| 11 | Jenny Series | Jenny | $3,000 | Marsh Law Firm PLLC in trust for Jenny ATTN: Jenny 548 Market Street, #65135 San Francisco, CA 94104 - 5401 |
| 12 | Pink Heart Sisters Series | Erica | $3,000 | Marsh Law Firm PLLC in trust for [child] ATTN: [Child's Name] 548 Market Street, #65135 San Francisco, CA 94104 - 5401 |
| 13 | | Tori | $3,000 | |
| | **Total Restitution** | | **$39,000** | |

　　　Restitution is due immediately.  The Court waives interest on the restitution.  Defendant's restitution payments shall be made payable to the U.S. Treasury and forwarded to the Clerk, United States District Court for the Eastern District of Pennsylvania for proportional distribution to the victims listed above in the amounts indicated.

　　　The Court recommends that, while in custody, defendant pay his restitution pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the restitution in quarterly installments of not less than $25.00 out of his prison earnings, unless his prison earnings after payment of his special assessment are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings.  Beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his restitution obligation in monthly installments of not less than $25.00 while defendant is employed.

DEFENDANT:      ARCHIE KISSLING
CASE NUMBER:    DPAE2:19CR000109-001

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Because the losses of some victims are not currently ascertainable, and some victims have not yet made a decision as to restitution, the Court will conduct a hearing for a final determination of any additional restitution payments within ninety (90) days of the date of sentencing pursuant to 18 U.S.C. § 3664(d)(5).  The Government shall file and serve a status report with respect to any such additional restitution within sixty (60) days of the date of sentencing.

The Court finds that defendant has sufficient assets, income and income earning potential to warrant imposition of the restitution and fine orders and payment schedules, taking into account his expenditures for food, clothing, shelter and other necessities.

The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine in addition to the restitution order.  Accordingly, a fine is waived in this case.

By statute defendant is required to pay a Justice for Victims of Trafficking Act ("JVTA") assessment of $5,000.00 on each of Counts One through Eight of the Indictment unless he is deemed to be indigent. I have already concluded that defendant is indigent and appointed the Federal Community Defender's Office to represent him. Thus, he is not required to pay the JVTA assessment.

Defendant shall pay a special assessment of $800.00 to the United States of America which shall be due immediately.  The Court recommends that, while in custody, defendant pay his special assessment pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the special assessment in quarterly installments of not less than $25.00 out his prison earnings, unless his prison earnings are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings.  Beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his special assessment in monthly installments of not less than $25.00 while defendant is employed.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

Judgment — Page __10__ of __10__

DEFENDANT: ARCHIE KISSLING
CASE NUMBER: DPAE2:19CR000109-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
    See Sheet 5A (pages 8 through 9).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
See separate Order of forfeiture dated October 1, 2020.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

### COMPUTER MONITORING STANDARD CONDITIONS

1. I, Archie Kissling, have been ordered to have my computer use monitored/filtered as a condition of supervision. I agree to comply with all program rules set forth in this agreement, and the instructions of the probation officer. I understand that this agreement is, by reference, part of the order setting conditions for my supervision and that failure to comply with its provisions or the instructions of my officer will be considered a violation of my supervision and may result in an adverse action.

2. I agree to call my officer immediately if I have any questions about these rules or if I experience any problems that may hinder my compliance with this program.

3. I understand that my officer will use telephone calls and unannounced personal visits to monitor my compliance. When at home, I agree to promptly answer my telephone or door.

4. I understand that I may only use one computer in my home. Any other computer use must be approved in advance and monitored by the U.S. Probation Office. I further understand that I am solely responsible for the content, programs, and data that may be stored on the computer. Any devices, including hand-held computers and cellular telephones that have access to the internet shall be monitored by the U.S. Probation Office.

5. My supervising officer may install software designed to monitor or filter computer activities on any home computer I am authorized to use. Prior to the installation of computer monitoring or filtering software, the computer drives will undergo an initial inspection. I understand that the software may record any and all activity on my computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. I further understand that a notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on my computer. I agree not to attempt to remove, tamper with, reverse engineer, or in any way circumvent the software.

6. I will not use any software program or device designed to hide, alter, or delete records/logs of my computer use, Internet activities, or the files stores on my assigned computer. This includes the use of encryption, stenography, and cache/cookie removal software.

7. I will not install new hardware or effect repairs on my computer system without receiving permission from my supervising officer.

8. I understand that my supervising officer may use measures to assist in monitoring compliance with these conditions, such as placing tamper-resistant tape over unused ports and to seal my computer case.

9. I will disclose all online accounts, including user-names and passwords, to my supervising officer upon request. I will also provide telephone/Internet service provider billing records upon demand, as well as proof of the disconnection or termination of such services. I agree to execute a release form to allow the U.S. Probation Office to access account information directly from the Internet Service Provider.

10. I will not create or assist directly or indirectly in the creation of any electronic bulletin board, ISP, or any other public or private network without the prior written consent of the U.S. Probation Office.

11. If password protection is required on my system, application, or files used by the offender, such passwords will be provided upon request of the U.S. Probation Office.

12. I consent to allow for the examination of any internal or external storage media, including hard disks, zip disks, floppy diskettes, CD ROMS, optical disks, magnetic tapes, or any other storage media.

(Signed) _Archie Kissling_     October 1, 2020

U.S. Probation Officer/     October 1, 2020
Designated Witness

**APPROVED and SO ORDERED:**

this __1ST__ day of __Oct__, __2020__.

/s/ Hon. Jan E. DuBois
**Honorable Jan E. DuBois**

Page 2 of 2